### BOTHE *v.* PADDOCK-HAWLEY IRON CO.

*(Circuit Court of Appeals, Eighth Circuit. May 16, 1892.)*

#### No. 29.

PATENTS FOR INVENTIONS—NOVELTY—ANTICIPATION.

Letters patent No. 315,246, issued October 19, 1886, to Herman H. Bothe, were for a wagon stake pocket consisting of one piece, rectangular in cross section, having a vertical back, and the remaining sides inwardly inclined, whereby the stake may be held as a wedge requiring no other support. The prior Brownell form of pocket, was of similar shape, made of iron, but was not cast in one piece. A pocket with the tapering sides and front, and vertical back, and cast in one piece, was made for use upon steam cars many years prior to the application for the patent. *Held,* that the casting in one piece was the only substantial improvement over prior wagon pockets, and this feature was anticipated by those used on steam cars.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

In Equity. Bill by Herman H. Bothe against the Paddock-Hawley Iron Company for infringement of letters patent No. 315,246, issued to complainant October 19, 1886, for an improvement in wagon stake pockets. Decree dismissing the bill. Complainant appeals. Affirmed.

*Geo. H. Knight* and *Wm. M. Eccles,* for appellant.

*W. B. Homer,* for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. Under date of October 19, 1886, letters patent were issued to Herman H. Bothe, the appellant herein, for an improvement in wagon stake pockets, and the bill in the present cause was

filed in the circuit court for the eastern district of Missouri for the purpose of restraining the defendant company, the Paddock-Hawley Iron Company, from making, using, or selling stake pockets of the form of those covered by the patent issued to appellant. The answer to the bill denies the validity of the patent for want of novelty, and because the patented article was in public use and on sale by appellant more than two years before the application for the patent was filed. Upon the hearing before the circuit court the defense of want of novelty was sustained, and a decree was entered dismissing the bill, to reverse which the cause was duly appealed to this court.

The first claim in the patent describes the invention as follows:

"A pocket for wagon stakes, rectangular in cross section, having a vertical back, with extensions affording means of attachment to the wagon body, and having its remaining portion—*i. e.*, the front and sides—inclined inwardly, and tending to one common point, by which construction the stake may be held by wedging therein, it having no other support or supports, substantially as set forth."

The stake used with pockets thus constructed is without a shoulder, has a straight back, with tapering sides and front. The pocket is made or cast in a single piece, and it cannot be denied that through compactness of form, ease of attachment to the wagon sill, and the firmness with which the stake is held therein, this form of pocket seems to be superior to the other forms exhibited in the record. On the other hand, no new feature is found therein. In the Brownell form of pocket, which antedates the application for a patent by complainant, are found the tapering sides and front, with a vertical back, all made of iron, but not made in one piece, and in this particular the Bothe form unquestionably is a great improvement over the Brownell pocket. It appears, however, from the testimony of Hoyt H. Green, that pockets having a straight back with tapering sides and front were cast in one piece for use upon steam cars many years before Bothe applied for his patent, so that it does not appear that there is novelty in this feature of the Bothe pocket, and yet this is the special feature which gives it superiority over the Brownell form. Under these circumstances it cannot be said that there was patentable novelty in applying the idea of casting the pocket in one piece. From the statements found in the specifications accompanying the application filed by complainant, it does not appear that he relied on this feature as the novel one in his combination, and yet, if that is eliminated, it does not appear that there is any substantial difference between the Bothe and Brownell pockets. In our judgment, it is the fact that the Bothe pocket is cast in one piece that gives it superiority over the Brownell pocket; but, this not being a novel feature in the manufacture of stake pockets, the patent to Bothe cannot be sustained because that element is found therein. The finding and decree of the circuit court are therefore affirmed at costs of appellant.